NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12579

ANTONIO GARCIA  vs.  COMMONWEALTH.


November 26, 2018.


Bail.  Supreme Judicial Court, Superintendence of inferior
     courts.


     Antonio Garcia appeals from a judgment of the county court denying, without a hearing, his petition for relief under G. L. c. 211, § 3.  Garcia has been indicted for trafficking of a person for sexual services, deriving support from prostitution, and, most recently, witness intimidation.  On the Commonwealth's motion, and after a dangerousness hearing in the witness intimidation case, a judge in the Superior Court ordered that Garcia be held without bail for a period of not more than 120 days pursuant to G. L. c. 276, § 58A.  At the same time, the judge set bail in the sex trafficking cases at $20,000 each, a reduction of amounts that had been set previously.  Sometime later, Garcia sought a bail hearing, but the Commonwealth objected on the ground that 120 days had not yet run on his § 58A detention.  No bail hearing was held at that time.  Garcia subsequently filed his G. L. c. 211, § 3, petition, arguing that the judge wrongly denied him release on his personal recognizance.  We affirm the judgment denying relief.

     After considering the indictments, grand jury minutes, threatening text messages, a portion of a search warrant affidavit, dockets for the sex trafficking cases, and Garcia's own criminal record, the judge found by clear and convincing evidence that no conditions of release would reasonably assure the safety of persons in the community.  This finding was based on evidence of Garcia's use of violence and threats to control women for his own financial gain and of his failure to abide by

court orders and conditions of bail.[1]  Garcia has not shown that any of the judge's factual findings were clearly erroneous or that the judge otherwise erred or abused his discretion. Contrary to Garcia's argument, it is clear that the Commonwealth may rely on hearsay at a § 58A hearing.  G. L. c. 276, § 58A (4) ("rules concerning admissibility of evidence in criminal trials shall not apply to the presentation and consideration of information at the hearing and the judge shall consider hearsay contained in a police report or the statement of an alleged victim or witness").  See Abbott A. v. Commonwealth, 458 Mass. 24, 35-36 (2010) (Commonwealth's reliance solely on hearsay bearing substantial indicia of reliability at § 58A hearing did not violate right to cross-examine witnesses).  Garcia also argues that one of the witnesses testified before the grand jury without making a valid waiver of her constitutional rights. Garcia "lacks standing to assert the witness's right[s] in this regard."  Commonwealth v. Lopez, 87 Mass. App. Ct. 642, 649 (2015), citing Commonwealth v. Peloquin, 30 Mass. App. Ct. 960, 961 n.1 (1991).  Finally, Garcia argues that his counsel failed to present evidence of an attack on him committed by a grand jury witness; the Commonwealth represents that such evidence was in fact before the judge.  In any event, the fact that another person may have attacked Garcia does not detract from the judge's ultimate finding that Garcia cannot be released under any conditions that would reasonably assure the safety of the community.  The single justice properly denied relief under G. L. c. 211, § 3.[2]

_Judgment affirmed_.


Antonio Garcia, pro se.
Catherine Langevin Semel, Assistant District Attorney, for the Commonwealth.

---

[1] We emphasize that nothing we say today is intended to prejudge any issue in Garcia's upcoming criminal trial.

[2] In addition to its arguments that relief was properly denied on the merits, the Commonwealth argues that Garcia's request for a bail hearing was premature, as the 120-day detention period had not expired due to excludable time.  See G. L. c. 276, § 58A (3) (excluding "any period of delay as defined in Massachusetts Rules of Criminal Procedure 36 [b] [2]").  We need not decide this issue due to our disposition of the case.